## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID LEE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:21-cv-04213-JSR |
| v. | ) | |
| | ) | |
| RAYMOND BROTHERS, IAM SPORTS & | ) | |
| ENTERTAINMENT, INC., AND | ) | |
| INTERNATIONAL ATHLETE | ) | |
| MANAGEMENT, INC., | ) | |
| Defendants. | ) | |


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

John F. Carberry
William N. Wright
Cummings & Lockwood LLC
6 Landmark Square
Stamford, CT 06901
Phone: 203.327.1700
Fax: 203.351.4535
jcarberry@cl-law.com
wwright@cl-law.com

*Attorneys for Raymond Brothers, IAM
Sports & Entertainment, Inc., and
International Athlete Management, Inc.*

*Dated: August 18, 2021*

## <u>TABLE OF CONTENTS</u>

I.   Preliminary Statement................................................................................................ 1

II.  Factual Background ................................................................................................... 2

III. Legal Standard .......................................................................................................... 4

IV.  Legal Argument ........................................................................................................ 4

    A.   The first and second counts should be dismissed because Lee is not an intended third-party beneficiary of the NBPA Regulations. ......................................................... 4

    B.   The third and fourth counts, which allege tortious interference with a contract that is terminable at will, fail to state a claim upon which relief may be granted. ............................... 8

       1.   The Contract is terminable at will and, therefore, cannot serve as the basis for the tortious interference claims.............................................................................. 8

       2.   The Amended Complaint is too vague as to the specifics of the alleged conduct and when it occurred to survive a motion to dismiss................................................ 9

       3.   The third and fourth counts are barred by the statute of limitations........................ 10

       4.   Lee has failed to alleged that "but for" Defendants' acts, the Contract would not have been terminated.............................................................................................. 11

    C.   The fifth count should be dismissed because the alleged breach of a contract cannot serve as the basis for a claim of negligence *per se*. ............................................... 12

V.   Conclusion ............................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*106 N. Broadway, LLC v. Lawrence*, 189 A.D.3d 733, 740, 137 N.Y.S.3d 148 (2d Dept. 2020).. 3

*Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 48, 888 N.Y.S.2d 489 (1st Dept. 2009) ................................................................................................................................. 12

*American Recycling & Mfg. Co., Inc. v. Kemp*, 165 A.D. 3d 1604, 85 N.Y.S. 3d 651 (4th Dept. 2018) ...................................................................................................................................... 9

*Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000) ................................................................................................... 10, 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................................... 4

*Chase Manhattan Bank, N.A. v. Remington Prods., Inc.*, 865 F. Supp. 194, 200 (S.D.N.Y. 1994) ...................................................................................................................................... 15

*Chen v. United States*, 854 F.2d 622, 627 (2d Cir. 1988) ......................................................... 14

*Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (N.Y. 1987) ......................................................................................................... 15

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45, 485 N.E.2d 208 (1985) ....................................................................................................................................... 6

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) .................................... 12

*Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ......................................................... 2, 4

*Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401–02 (2d Cir. 2006).......................................... 10

*Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370, 1375 (1996) ............................................................................................................................ 10

*Martin v. Herzog*, 228 N.Y. 164, 168, 126 N.E. 814 (1920) ..................................................... 14

*Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996) ......... 8

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94 (2d Cir. 2017) ......................................................................................................................................... 4

*Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 2d 157, 162 (S.D.N.Y. 1998)............. 6, 7

*RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382 (S.D.N.Y. 2009)........................................ 11

*Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) ................................. 13

*Snyder v. Sony Music Ent., Inc.*, 252 A.D.2d 294, 299, 684 N.Y.S.2d 235 (1st Dept. 1999)........ 9

*Special Event Entm't v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978)................. 13

**Statutes**

NY CPLR § 214 ........................................................................................................................ 10

I.      **PRELIMINARY STATEMENT**

The defendants, Raymond Brothers ("Brothers"), IAM Sports & Entertainment, Inc. ("IAM Sports"), and International Athlete Management, Inc. ("IAM" and together with Brothers and IAM Sports, "Defendants"), submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed in this action in its entirety with prejudice in accordance with Federal Rules of Civil Procedure 12(b)(6) on the grounds that the plaintiff, David Lee ("Plaintiff" or "Lee"), has failed to state a claim upon which relief may be granted.

This case centers on Lee's claim that Defendants tortiously interfered with the contractual relationship between Lee and current NBA player Mitchell Robinson by inducing Robinson to terminate his player agent contract with Plaintiff.  The problem with Lee's claim—in addition to its being time-barred and an improper attempt to enforce a private association's rules—is the fact that, as a matter of law, it is *impossible* to tortiously interfere with a contract that is terminable at will.  To be clear, Brothers denies any wrongdoing whatsoever, but his conduct is irrelevant because as a matter of law no one can tortiously interfere with an at-will agreement.

After being put on notice by Defendants that his tortious interference claims were frivolous, Lee recently amended his complaint to add a new claim for breach of contract *against Brothers* based on Robinson's termination of the contract with Lee.  Lee is now grasping at straws, desperately looking for any way to hold Brothers legally responsible for Lee's loss of a client.  There is little doubt that Lee was upset when Robinson terminated him, but the courts are not able to address Lee's disappointment that his client left him.  Even if Lee's account were correct (which it is not), Lee has failed to state any claims upon which relief may be granted, and this action should be dismissed with prejudice.

## II.   <u>FACTUAL BACKGROUND</u>

The following factual allegations are taken from the Amended Complaint and documents attached thereto or incorporated therein by reference.  These allegations must be accepted as true for the purposes of this motion and are recited here without any admission as to their veracity. *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

Plaintiff Lee is a licensed player agent pursuant to the National Basketball Players Association ("NBPA" or "Players Association") Regulations Governing Player Agents (the "NBPA Regulations" or "Regulations").  (Am. Compl. ¶5.)  Defendant Brothers is also a licensed player agent.  (*Id.*)  On September 19, 2017, Lee entered into a Standard Player Agent Contract (the "Contract")[1] with Mitchell Robinson ("Robinson").  (*Id.* ¶52.)  At the time he entered into the Contract with Lee, Robinson was a prospect for the upcoming NBA Draft, to be held on June 21, 2018.  (*See id.* ¶91.)

The Contract provides that it is terminable at will.  (Am. Compl., Ex. 1, § 6.) Specifically, section 6 of the Contract provides that "either party may terminate this Agreement effective fifteen (15) days after written notice of termination is given to the other party . . . ." (*Id.*)  There is no need under the Contract for a party to give any reason or justification for termination and there is no other prerequisite to a party sending a termination notice.  (*See id.*) On March 28, 2018, Robinson gave notice to Lee that Robinson was terminating the Contract "effective immediately."  (Am. Compl. ¶¶59–60.)

On March 30, 2018, Defendants ordered a 2017 Chevrolet Silverado pickup truck from Best Chevrolet in Kenner, Louisiana.  (*Id.* ¶68.)  Robinson was listed as the "customer" on the order forms and receipt for the truck.  (*Id.* ¶69.)  The truck was paid for by Defendants with a

---

[1]   A copy of the Contract is attached as Exhibit 1 to the Amended Complaint.

check for $34,464.50 with the words "Mitchell Car Loan" written in the memo line of the check. (*Id.* ¶73.)  Defendants subsequently entered into a standard player agent contract with Robinson on April 25, 2018.  (*Id.* ¶74.)

On June 21, 2018, Robinson was selected by the New York Knicks in the second round of the NBA Draft.  (*Id.* ¶91.)  On July 8, 2018, Robinson signed a four-year contract with the Knicks.  (*Id.* ¶93.)  Pursuant to the contract between Defendants and Robinson, Defendants became entitled to a commission based on Robinson's salary with the Knicks.  (*See id.* ¶99.)

Lee commenced this action against Defendants in the New York Country Supreme Court on March 29, 2021.  (*Id.* ¶18.)  On May 11, 2021, Defendants removed this action to this Court based on diversity jurisdiction.  (*Id.* ¶19.)  On August 2, 2021, Lee filed the Amended Complaint, which contains five counts against Defendants.  The first count alleges that Brothers breached the NBPA Regulations by helping Robinson purchase the pickup truck and that Lee, as a licensed player agent, is a third party beneficiary of the NBPA Regulations.  The second count alleges that IAM Sports and IAM tortiously interfered with the contract between Brothers and the NBPA (*i.e.*, the NBPA Regulations) by causing Brothers to breach the NBPA Regulations, which caused an injury to Lee, who was a third party beneficiary of the NBPA Regulations.  The third count alleges that Defendants tortiously interfered with the Contract between Lee and Robinson by causing Robinson to terminate the contract.  The fourth count (which is duplicative of the third count[2]) alleges that Defendants tortiously interfered with the business relationship between Lee and Robinson by causing Robinson to terminate the contract.  The fifth count

---

[2]  Tortious interference with contract and tortious interference with business relations are not recognized as independent torts in New York.  *See 106 N. Broadway, LLC v. Lawrence*, 189 A.D.3d 733, 740, 137 N.Y.S.3d 148 (2d Dept. 2020).  Tortious interference with *prospective* business relations *is* a separate tort, but that is not what is alleged in the fourth count of the Amended Complaint.  *See id.*  Rather, all that is alleged is that Defendants interfered with Lee's current business relationship with Robinson by inducing Robinson to terminate the Contract, which is duplicative of the third count.

3

alleges that Defendants committed negligence per se by allegedly violating the NBPA

Regulations by helping Robinson purchase the pickup truck.

### III.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all of the

complaint's factual allegations as true, and draw[s] all reasonable inferences in the plaintiffs'

favor." *Holmes*, 568 F.3d at 335.  Conclusory allegations and "[t]hreadbare recitals of the

elements of a cause of action," however, are not presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  Setting aside such allegations, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Physicians*

*Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94 (2d Cir. 2017), *quoting*

*Iqbal*, 556 U.S. at 678.  A claim for relief is facially plausible when the plaintiff "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

### IV.   LEGAL ARGUMENT

#### A.   The first and second counts should be dismissed because Lee is not an intended third-party beneficiary of the NBPA Regulations.

Lee has come to court when, instead, he should have approached the National Basketball

Players Association.  Lee seeks to enforce the NBPA's Player Agent Regulations here.

However, Lee is not an intended third-party beneficiary of the NBPA Regulations and therefore

his first and second counts fail to state a claim.  Lee bases his first two counts on the theory that

Brothers violated the NBPA Regulations when he helped Robinson buy the pickup truck and that

he may directly enforce the NBPA Regulations in court as a third-party beneficiary of those

regulations.

Specifically, Lee alleges that Brothers breached section 3.B.2 of the NBPA Regulations, which provides the following:

> To further effectuate the objectives of these Regulations, Player Agents are prohibited from . . . [p]roviding or offering a monetary inducement (other than a fee less than the maximum fee contained in the [standard player agent contract]) to any Player (including a rookie) or college athlete to induce or encourage that person to utilize his services . . . .

(Am. Compl. ¶43.)[3]  Brothers, however, contends that the funds for the car were made as an "advance loan" pending salary payment in common practice and in full compliance with the NBPA Regulations.  In any event, for purposes of this Motion to Dismiss, what is important is that Lee's allegations require that Lee be an intended third-party beneficiary of the NBPA Regulations.  (*Id.* ¶103–04.)  But he is not, and, accordingly, Lee's first and second counts fail as a matter of law.

Under New York law, a "third party is an intended beneficiary where either (1) 'no one other than the third party can recover if the promisor breaches the contract' or (2) 'the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party.'" *Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 2d 157, 162 (S.D.N.Y. 1998), *quoting Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45, 485 N.E.2d 208 (1985).

First, it is not the case that no one other than Lee can recover based on the alleged breach of section 3.B.2 of the NBPA Regulations.  In the Amended Complaint, Lee alleges that section 3.B.2 is an "anti-poaching provision" designed to prevent agents from stealing the clients of

---

[3]   The NBPA Regulations are incorporated by reference into the Amended Complaint and are available at https://cosmic-s3.imgix.net/fec8eea0-dbdc-11e9-a097-0b637a5431fa-Agent-Regulations--Final--2019.pdf.  (Am. Compl. ¶9 n.1.)  Any citation herein to the NBPA Regulations refers to that document.

other agents.  Lee claims that "[b]ecause the NBPA derives no direct benefit from the anti-poaching prohibitions of Section 3.B.2., there would be no other beneficiary of (and no other purpose for) a provision that keeps Player Agents from offering monetary inducements to players for them to use or to switch to their services without considering other Player Agents to be intended third-party beneficiaries of that prohibition."  (Am. Compl. ¶115.)  This legal conclusion, which is not entitled to any deference under *Iqbal*, is based on the false and unsupported premise that section 3.B.2 is an "anti-poaching" provision meant to protect other agents.  That conclusion is unsupported by any language in the NBPA Regulations themselves and flies in the face of the actual text of the Regulations, which makes clear that the purpose of the Regulations is to protect the interests of *players*, not other agents.  Specifically, section 3, which contains the provision at issue, says that its purpose is "to enable Players to make informed selection of Player Agents and to ensure that the Player Agents shall provide to the individual Players whom they represent effective representation at fair and reasonable rates *that are uniformly applicable*."  NBPA Regulations § 3 (emphasis added).  There is not a single sentence in the entire NBPA Regulations that even suggests that their purpose is to protect other agents.

It is also plainly false that only Lee can recover based on a violation of section 3.B.2. Section 3.B is entitled "Prohibited Conduct Subject to Discipline."  Section 6 of the NBPA Regulations entitled "Oversight and Compliance Procedure" governs enforcement of the NBPA Regulations.  It provides that the *Players Association* "shall have the authority and responsibility of initiating and then presenting disciplinary cases against Player Agents who violate these Regulations."  NBPA Regulations § 6.A.  This section has detailed provisions on the processes for initiating a complaint, conducting hearings and appeals, and the discipline options available

to the NBPA, including removal of the player agent's license to so serve.  *Id.*  Player agents may refer matters to the NBPA for consideration.  *Id.*  But nowhere do the NBPA Regulations contemplate a player agent having any individual enforcement right or role in court beyond such referrals and testimony to the NBPA.

Thus, the language of the NBPA Regulations does not "clearly evidence" an intent to permit enforcement by other agents, as would be required to make Lee a third party beneficiary and permit his claim to proceed.  *See Piccoli A/S*, 19 F. Supp. 2d at 162.   To the contrary, the NBPA Regulations clearly demonstrate the *opposite*—that the Regulations should only be enforced through the NBPA's own internal disciplinary procedures set forth in section 6.  And again, nothing in the NBPA Regulations even suggests that they are intended to protect *other agents*.  *See Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996) ("Although a third party need not be specifically mentioned in the contact before third-party beneficiary status is found, New York law requires that the parties' intent to benefit a third party must be shown on the face of the agreement.").  Far to the contrary, the Regulations clearly state at multiple points that their purpose is to protect the *players*, including, for example, to "afford each Player the opportunity to select a certified Player Agent who, in turn, has agreed to comply with these Regulations, to represent or advise Players as a fiduciary with honesty, competency and loyalty, and act consistent with the Player's membership in a collective bargaining unit."

Lee is not an intended third-party beneficiary of the NBPA Regulations.  The first and second counts of the Amended Complaint are both based on the theory that Lee is a third-party beneficiary of the Regulations.  Therefore, Lee has failed to state a claim upon which relief may be granted and counts one and two should be dismissed.

**B.     The third and fourth counts, which allege tortious interference with a contract that is terminable at will, fail to state a claim upon which relief may be granted.**

**1.     The Contract is terminable at will and, therefore, cannot serve as the basis for the tortious interference claims.**

The third and fourth counts of the Amended Complaint allege tortious interference with a contract and tortious interference with business relations, respectively.  However, these counts both fail to state a claim because the Contract was terminable at will.  Specifically, section 6 of the Contract provides that "either party may terminate this Agreement effective fifteen (15) days after written notice of termination is given to the other party . . . ." (Am. Compl., Ex. 1, § 6.)  New York courts have consistently held that a tortious interference claim cannot be based on alleged interference with a contract that is terminable at will.

For example, in *American Recycling & Mfg. Co., Inc. v. Kemp*,  165 A.D. 3d 1604, 85 N.Y.S. 3d 651 (4th Dept. 2018), the Fourth Department held that a contract that is terminable at will cannot be the basis for a tortious interference claim, explaining:

> With respect to that part of the second cause of action alleging tortious interference with contract, defendants established their entitlement to judgment as a matter of law by submitting the two contracts at issue and certain deposition testimony.  The first contract, which was between plaintiff and a third party contractor, was terminable at will, and thus *it cannot give rise to a cause of action for tortious interference with contract.*

*Id.* at 1605 (emphasis added); *see also Snyder v. Sony Music Ent., Inc.*, 252 A.D.2d 294, 299, 684 N.Y.S.2d 235 (1st Dept. 1999) ("[T]he case law is clear that agreements that are terminable at will are classified as only prospective contractual relations, and thus cannot support a claim for tortious interference with existing contracts.").

Therefore, the third and fourth counts fail to state a claim upon which relief may be granted because, as a matter of law, a contract that is terminable at will cannot serve as the basis for a claim of tortious interference.

### 2. The Amended Complaint is too vague as to the specifics of the alleged conduct and when it occurred to survive a motion to dismiss.

The third and fourth counts should also be dismissed because they are devoid of supporting facts. These counts are based only on the allegation that "Defendants offered Mr. Robinson a brand new pickup truck to induce him to terminate the Contract with Plaintiff and to use Defendants' agency services instead." (Am. Compl. ¶64.) This conclusory allegation is insufficient to withstand a motion to dismiss for failure to state a claim.

To state a claim for tortious interference with contract under New York law, a plaintiff must allege: (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract *without justification*"; (4) "actual breach of the contract"; and (5) damages. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401–02 (2d Cir. 2006), *quoting Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370, 1375 (1996) (emphasis added). The actual allegations of interference must be pled with particularity as to the details of when and how the alleged tortious conduct occurred. *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000). Lee's conclusory allegations fail to meet this standard.

In *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382 (S.D.N.Y. 2009), another case claiming tortious interference based on an alleged "bribe," the District Court granted a motion to dismiss without leave to replead where there were "no facts alleged with respect to when and where the bribe took place [or] how the bribe monies were ultimately furnished . . . ." *Id.* at 406. Likewise, in the

9

present case, there are no facts alleged with respect to when, where or how Defendants "bribed"[4] Robinson to terminate his terminable-at-will contract.  Therefore, this allegation falls well short of the factual specificity needed to sustain a claim for tortious interference.  *See id.*; *Antonios A. Alevizopoulos & Assocs.*, 100 F. Supp. 2d at 186.  For that reason, these counts should be dismissed for failure to state a claim.

In addition, as set forth in the following section, the necessary "when and where" described in *RSM Production Corp.* is also critical because it appears certain that, if properly pled with specificity, the counts would also fail under the statute of limitations.

### 3.    The third and fourth counts are barred by the statute of limitations.

The third and fourth counts are based on the allegations that "Defendants offered Mr. Robinson a brand new pickup truck to induce him to terminate the Contract with Plaintiff and to use Defendants' agency services instead" and that "Defendants' unlawful inducement led Mr. Robinson to send Plaintiff the March 28, 2018 termination notice."  (Am. Compl. ¶¶64–65.)  As noted above, the Complaint is vague and lacks any specificity as to when the alleged tortious occurred, but it does seem clear from these allegations that the alleged tortious conduct—*i.e.*, the alleged inducement to terminate the Contract—occurred not on, *but prior to* the sending of the termination notice on March 28, 2018.  This action was not commenced until March 29, 2021, which is more than three years from the alleged tortious conduct and, therefore, is outside of the three-year statute of limitations for claims of tortious interference under New York law.  *See* NY CPLR § 214; *Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 48, 888 N.Y.S.2d 489

---

[4]    Defendants unequivocally deny that they in any way "bribed" Robinson and take great offense that the unsupported baseless allegation that they did so.

(1st Dept. 2009) ("The three-year statute of limitations for tortious interference applies when the gravamen of a complaint is economic injury, rather than merely reputational harm.").

Although New York State does appear to allow for a filing for which the statute of limitations would expire on a weekend to be submitted on a Monday if the courts are closed, in light of Lee's last minute filing, his claims can only survive dismissal based on the statute of limitations if he can allege with specificity (under *RSM Production Corp.*, *supra*) that the conduct of which he complains occurred exactly during a period of fewer than 48 hours between 12am on March 27, 2018 and the time when notice was sent on March 28, 2018. Any time prior is barred by the statute of limitations and any time later is logically inapplicable because it is after the termination.

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Because Lee has not alleged with the necessary specificity that the conduct occurred during the only possible hours, these counts should be dismissed for failure to state a claim upon which relief may be granted.

### 4. Lee has failed to alleged that "but for" Defendants' acts, the Contract would not have been terminated.

In order to state a legally cognizable claim for tortious interference with a contract under New York law, the plaintiff must assert, with respect to each defendant, that the defendant's actions were the "but for" cause of the alleged breach—in other words, that there would not have been a breach but for the activities of the defendant. *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990), *citing Special Event Entm't v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978). In *Sharma*, the Second Circuit upheld the District Court's dismissal of a tortious interference claim where the complaint failed to allege that the defendant's actions were the "but

11

for" cause of the alleged contract breach.  *Sharma*, 916 F.2d at 828 ("As to the tortious interference

claim against Skaarup, the district court properly dismissed Count III of the amended complaint for

failure to allege that Skaarup's actions were the 'but for' cause of Chemical Bank's alleged breach of

the Settlement Agreement.").

Here too, Lee's complaint is devoid of any such allegation of "but for" causation.  And this is

not by accident.  The good faith pleading standards prevent such a filing as counsel is aware of the

factual background by which Robinson first approached Brothers dissatisfied with Lee's

representation and affirmatively looking for a new agent.  Therefore, for this additional reason, the

third and fourth counts should be dismissed for failure to state a claim upon which relief may be

granted.

### C.     The fifth count should be dismissed because the alleged breach of a contract cannot serve as the basis for a claim of negligence *per se*.

The fifth count of the Amended Complaint alleges negligence *per se* against Defendants

based on the alleged violation of section 3.B.2 of the NBPA Regulations.  But New York law is clear

that only violations of a statute can serve as a basis for a claim of negligence *per se*.  In New York,

"the 'unexcused omission' or violation of a duty imposed by statute for the benefit of a particular

class '*is* negligence itself."  *Chen v. United States*, 854 F.2d 622, 627 (2d Cir. 1988) (emphasis in

original), *quoting Martin v. Herzog*, 228 N.Y. 164, 168, 126 N.E. 814 (1920).  Even regulations

promulgated by an administrative agency of the state or federal government cannot serve as the basis

for a claim of negligence *per se*.  "[I]t is long and firmly established in New York that the violation

of a rule of an administrative agency is merely some evidence of negligence but does not establish

negligence as a matter of law because a regulation lacks the force and effect of a statute."  *Chen*, 854

F.2d at 627 (internal quotation marks omitted).  Here there is not even an agency of the government

involved, only a private organization.  Therefore, violation of the NBPA Regulations, which are

merely a set of rules agreed upon by private parties, cannot possibly serve as the basis for a negligence *per se* claim.

In addition, New York law is clear that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (N.Y. 1987) (affirming dismissal of negligence claims); *see also Chase Manhattan Bank, N.A. v. Remington Prods., Inc.*, 865 F. Supp. 194, 200 (S.D.N.Y. 1994) ("New York does not recognize a cause of action for negligent performance of a contract."). Lee does not allege any legal duty independent of the NBPA Regulations. Therefore, even viewing this a simple negligence claim (as opposed to negligence *per se*) there is no duty that could give rise to the claim independent of the contract.

For these reasons, the fifth count fails to state a claim upon which relief may be granted and should be dismissed as well.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint filed in this action in its entirety with prejudice in accordance with Federal Rules of Civil Procedure 12(b)(6).

Dated: August 18, 2021

THE DEFENDANTS,
RAYMOND BROTHERS, IAM SPORTS &
ENTERTAINMENT, INC., and
INTERNATIONAL ATHLETE
MANAGEMENT, INC.

BY THEIR ATTORNEYS
CUMMINGS & LOCKWOOD LLC

/s/ John F. Carberry
John F. Carberry (JC6702)
William N. Wright (WW0424)
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Phone: 203.327.1700
Fax: 203.351.4535
jcarberry@cl-law.com
wwright@cl-law.com

14

<u>**CERTIFICATE OF SERVICE**</u>

Notice of this filing will be sent by email to all parties by operation of the court's

electronic filing system.  Parties may access this filing through the court's CM/ECF system.

<div style="margin-left:50%">

/s/ John F. Carberry
John F. Carberry (JC6702)
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Phone: 203.327.1700
Fax: 203.351.4535
jcarberry@cl-law.com

*Attorneys for Defendants*

</div>

6543889.1.docx 8/18/2021

15